# Roach *v.* Hix *et als.*

*Bill in Equity to sell Lands for Division, and for Reformation, and Final Settlement of Guardianship.*

1. *Validity of judicial proceedings in Confederate courts.*—The validity of judicial proceedings, had in the courts of this State during the late war, has been unquestioned since the decision in *Horn v. Lockhart* (17 Wall. 570).

2. *Guardian ad litem ; infant defendants represented by.*—It is an inflexible rule of chancery practice in this State, that infant defendants must be represented by a guardian *ad litem*, duly appointed and answering, before the court can pass upon the equities of a bill affecting such defendants.

3. *Practice when cause submitted before such appointment and answer.* Where a cause is submitted without the appointment and answer of a guardian *ad litem* for infant defendants, the court should vacate the submission and restore the cause to the docket, so that complainant may take proper steps to bring them before the court. The bill should not be dismissed absolutely, unless the neglect of complainant is inexcusable and continues after his attention has been called to the defect; otherwise, this court will reverse the decree and here dismiss the bill without prejudice.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

The complainant, Roach, became the administrator of the estate of one William Wright, the father of defendants (appellees), during the late war, receiving his letters of administration from the Probate Court of Henry county. After the "reconstruction" of the State, he made final settlement in said Probate Court, when the amount now claimed by him in the bill, as a charge upon said estate, was decreed against him in defendant's favor. Prior to such settlement, he obtained a decree in the Chancery Court of said county, enforcing a vendor's lien on the lands set forth in the bill, and the said land was sold, and a former guardian became the purchaser in the name of the defendants, who were the distributees of said estate. The said guardian gave to complainant a receipt for the sum bid at the sale, as for so much money received of the administrator for said distributees. The bill goes to show that the amount so receipted for is, by several hundred dollars, larger than the amount decreed against the complainant as administrator in said final settlement.

Several of the defendants were minors at the final settlement, one who, by mistake, was not represented by a guar--

[Roach v. Hix et als.]

dian, either general or *ad litem*. As to this mistake the averments and proof of the complainant are, " that his application to the aforesaid Probate Court for letters of guardianship upon the persons and property of said minors, made on the 30th of May, 1871, was drawn up and prepared by his attorney, who made a mistake by including in said application the name of Emma A. Wright, who was then dead, instead of the name of Mary Elizabeth Wright, and the intention throughout was to become the guardian of said Mary E. Wright, whom he avers to be now a minor, but over the age of fourteen years, and a resident of said county." In answer and cross-bill, the defendants aver the absolute nullity of said grant of letters of guardianship with respect to said Emma A. Wright. They further aver that " said Roach intended to become guardian of the said Emma A. Wright, under the impression that she was alive, and that said Mary E. was dead; that the mistake was wholly the mistake of said Roach, and grew out of his gross ignorance of facts concerning the heirs and distributees of said estate, about which it was his duty to have informed himself, and that defendant's efforts to shift the responsibility upon his attorney is unjust," &c. In answer to the cross-bill, the complainant admits that such mistake was made, but avers that it was honestly made.

The bill prays for a sale of the land for division among the heirs (defendants), and for the payment of the amount claimed as the difference between the decree against him on the final settlement and the amount for which he holds the guardian's receipt. It also prays a reformation of the guardianship by substituting the name of Mary E. Wright for that of Emma A. Wright, and that an account be taken and settlements made between complainant and his wards (defendants)—a final settlement with one, if shown to be over age, and an annual settlement with Mary E. Wright, still a minor. The chancellor, upon final hearing upon the pleadings and proof, decreed that the plaintiff was not entitled to relief, and that the original bill be dismissed, &c. The decree is now assigned as error.

W. C. OATES, for appellant.

JAMES G. COWAN, *contra*.

BRICKELL, C. J.—1. Whatever may have been the cause of decision, at the time of the rendition of the chan-

(38)

cellor's decree, in reference to grants of administration, and other judicial proceedings, had in this State during the war, since the decision of the Supreme Court of the United States in *Horn v. Lockhart* (17 Wall. 570), their validity has been unquestioned, and they have been placed on the footing of all domestic judgments or decrees, affected only by a want of jurisdiction, or because they were in derogation of the constitution, laws, or policy of the United States. If, however, the decree of the chancellor effects the proper result, it will not be reversed because the reason given for it is not correct.

2. The cause, after publication of testimony, was by the complainant submitted for final decree. Two of the defendants against whom relief is sought, were infants, and for them there had been no appointment of, or answer from, a guardian *ad litem*. It is an inflexible rule of practice in the courts of chancery of this State, that infant defendants must be represented by a guardian *ad litem*, of the appointment of the court, if they are under the age of fourteen years; or if they are above that age, of their own nomination, sanctioned by a like appointment.—Rule 20 (Rev. Code 1867), p. 825. If a decree had been rendered for the complainant in the condition of the cause when it was submitted, it would have been reversed on error. The proper course for the chancellor to have pursued, would have been to decline passing on the equities of the case, the parties to be affected not being properly in court, and, vacating the order of submission, have restored the cause to the docket, allowing the complainant a reasonable time to cure the imperfection. But can we say he was in error in not pursuing this course? It is the duty of every complainant to bring parties defendant before the court, and to obtain the necessary orders for the appointment of a guardian *ad litem* for infant defendants, and to compel an answer from such guardian. Until this duty is performed, he is not entitled to relief, and no decree can be rendered for him, whatever may be the merits of the case he presents. If relief is refused, whatever reason may be assigned for the refusal, the proper result is reached, and on error the decree is not assailable. It is the default of the complainant which would render any decree in his favor erroneous, and that default can not be made ground for a reversal, at his instance, of an adverse decree.

3. This defect in the proceedings seems to have escaped the attention of the chancellor, and of the parties, and in no event unless the neglect of the complainant was inexcusable, and continued after his attention had been directed to it,

should a decree of absolute dismissal have been rendered. We will therefore reverse the decree of the chancellor, and here render a decree dismissing the bill without prejudice, and the appellant must pay the costs.